Case Number: WC-2017-0135
Filed in Washington County Superior Court
Submitted: 3/27/2017 11:29:59 AM
Envelope: 980757
Reviewer: Elizabeth M.

| | |
|---|---|
| STATE OF RHODE ISLAND<br>WASHINGTON, SC. | SUPERIOR COURT |
| SHIRLEY A. BORGES | |
| v. | C.A. No.: WC-2017- 0135 |
| WELLCARE HEALTH PLANS, INC. | |

## COMPLAINT

### PARTIES

1. Plaintiff Shirley A. Borges ("Ms. Borges") is a natural person, a citizen of the State of Rhode Island, and a resident of South Kingstown.

2. Upon information and belief, Defendant WellCare Health Plans, Inc. ("WellCare") is a Delaware corporation with a principal address of 8725 Henderson Road, Tampa, FL 33634. At all relevant times, WellCare provided government-sponsored managed care services, primarily through Medicaid, Medicare Advantage and Medicare Prescription Drug Plans, to families, children, seniors and individuals with complex medical needs.

### JURISDICTION AND VENUE

3. The Superior Court has subject-matter jurisdiction over this matter pursuant to R.I.G.L. §§ 8-2-13 and/or 8-2-14.

4. The amount in controversy exceeds the Superior Court's jurisdictional threshold.

5. WellCare has sufficient minimum contacts with the State of Rhode Island to confer this Court's personal jurisdiction over it.

6. Venue is proper in Washington County pursuant to R.I.G.L. § 9-4-3.

Case Number: WC-2017-0135
Filed in Washington County Superior Court
Submitted: 3/27/2017 11:29:59 AM
Envelope: 980757
Reviewer: Elizabeth M.

## FACTS COMMON TO ALL COUNTS

7. At all relevant times, Ms. Borges was a member of the "WellCare Classic Prescription Drug Plan."

8. At all relevant times, Ms. Borges was diabetic.

9. At all relevant times, WellCare knew, or should have known, that Ms. Borges was diabetic.

10. On or about April 1, 2014, Ms. Borges contacted her local CVS to refill her diabetes medications Levemir and NovoLog FlexPens.

11. Ms. Borges was informed by CVS personnel that it would cost her approximately $500 for each prescription out-of-pocket because she was "in the donut hole," which is a coverage gap in which there is a temporary limit on what a drug plan will cover for drugs.

12. In response, Ms. Borges immediately contacted Novo Nordisk, the manufacturer of Levemir and NovoLog FlexPens, to inquire whether she could obtain financial assistance with her out-of-pocket costs.

13. A Novo Nordisk representative informed Ms. Borges about its free-medication assistance program; and that in order to qualify she needed to get a letter from WellCare stating that she was in the "donut hole" along with a letter from Social Security that she was refused extra assistance.

14. Ms. Borges obtained a letter from Social Security with no difficulty.

15. Unfortunately, however, Ms. Borges had difficulty obtaining a "donut-hole" letter from WellCare.

Case Number: WC-2017-0135
Filed in Washington County Superior Court
Submitted: 3/27/2017 11:29:59 AM
Envelope: 980757
Reviewer: Elizabeth M.

16. Ms. Borges called WellCare numerous times to obtain the "donut hole" letter. She pleaded with WellCare representatives that she had no medications, that her sugar levels were in the 500's, that she could die without her medications, and that she could get her medications for free from Novo Nordisk with the donut-hole letter.

17. WellCare representatives kept telling Ms. Borges that she would get a letter in fourteen (14) days and that they were not the mailman.

18. It took approximately eight (8) weeks for WellCare to provide Ms. Borges with a "donut-hole" letter.

19. During this timeframe, Ms. Borges went from one clinic to another and to her doctor's office in a desperate attempt to obtain her required medications by getting free samples, which she was able to do, but only in very limited and inadequate quantities.

20. Ms. Borges even called Medicare and was told to have WellCare fax the "donut-hole" letter, but WellCare refused to do so.

21. Ms. Borges was eventually able to convince Novo Nordisk to allow her to send in other documentation to show she was in the "donut hole" because she was having diabetes-related trouble with her left eye and was seeing little dots.

22. In reaction to her left eye problems, Ms. Borges visited with her regular eye doctor, who referred her to an eye surgeon.

23. The eye surgeon informed Ms. Borges that she had a lot of bleeding behind her left eye and that she needed surgery, which revealed a hole in her retina.

24. Ms. Borges underwent months of treatments, eye drops, steroids, and needles in her eye to treat her left eye.

Case Number: WC-2017-0135
Filed in Washington County Superior Court
Submitted: 3/27/2017 11:29:59 AM
Envelope: 980757
Reviewer: Elizabeth M.

25. Eventually, Ms. Borges was advised that her left eye could not be repaired and she suffers from double vision, distorted vision, and loss of visual acuity.

## COUNT 1
## WELLCARE'S NEGLIGENCE

26. All prior paragraphs are incorporated by reference as if set forth fully herein.

27. WellCare owed Ms. Borges a duty of care to exercise reasonable care in the management and administration of her prescription medication plan.

28. WellCare, through its agents, employees and/or servants, breached its duty of care to Ms. Borges, by among other things, failing to timely respond to her request for a "donut-hole" letter, which if provided in a timely fashion would have allowed her to receive her medications for no cost, and would have prevented her from requiring surgery in her left eye.

29. As a result of WellCare's breaches, Ms. Borges suffered significant personal injuries.

30. At all relevant times, Ms. Borges exercised due care under the circumstances and made reasonable efforts to mitigate her damages.

31. As a direct and proximate result of WellCare's negligence, Ms. Borges was caused to suffer severe personal injuries and disability, some of which may be permanent, incurred and continues to incur significant pain and suffering of mind and body, incurred and will continue to incur hospital, doctor, and medical expenses, suffered lost wages and was further caused to suffer loss of enjoyment of life and other damages.

WHEREFORE, Plaintiff Shirley A. Borges demands judgment in her favor against Defendant WellCare Health Plans, Inc. for compensatory damages, plus interests and costs.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

Case Number: WC-2017-0135
Filed in Washington County Superior Court
Submitted: 3/27/2017 11:29:59 AM
Envelope: 980757
Reviewer: Elizabeth M.

        PLAINTIFF Shirley A. Borges,
        By her attorneys,

/s/ Gil A. Bianchi, Jr.
GIL A. BIANCHI, JR., ESQ. (6421)
Bianchi & Brouillard, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
Tel: 401-222-2990
Fax: 877-548-4539
*gbianchi@bbrilaw.com*

/s/ D. Peter DeSimone
D. PETER DESIMONE, ESQ. (5224)
18 Wooded Grove Circle
West Kingston, RI 02892
Tel: 401-284-2389
Fax: 401-284-2740
*dpdlaw@cox.net*

/s/ Erica M. O'Connell
ERICA M. O'CONNELL, ESQ. (7976)
Bianchi & Brouillard, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
Tel: 401-222-2990
Fax: 877-548-4539
*eoconnell@bbrilaw.com*

Dated: March 27, 2017